IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br><br><br>MICHAEL ANTHONY BELL,<br><br>Defendant. | ORDER AND MEMORANDUM DECISION DENYING WITHOUT PREJUDICE MOTION FOR COMPASSIONATE RELEASE<br><br>Case No. 1:16-cr-53-TC |

Pro se defendant Michael Anthony Bell filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), asking the court to reduce his five-year sentence in the custody of the United States Bureau of Prisons (BOP) to time served. Because he has not exhausted his administrative remedies, the motion is denied without prejudice.

## ANALYSIS

Mr. Bell brings his motion under 18 U.S.C. § 3582, as amended by the First Step Act[1] (often referred to as the compassionate release statute). According to the statute, the court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such reduction ... and that such a reduction is consistent with applicable policy statements by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

Before Congress passed the First Step Act, only the Bureau of Prisons (BOP) could bring a motion under § 3582 requesting that the court reduce a prisoner's sentence. Now the court may consider the issue either upon a motion from the BOP or "upon motion of the defendant after the defendant has fully exhausted all administrative rights" with the BOP. 18 U.S.C. § 3582(c)(1)(A) (emphasis added). If the BOP has not filed a motion on the defendant's behalf, the defendant, to be eligible for the court's consideration of his motion for release under the Act, must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Id.

Here, Mr. Bell filed a motion on his own behalf on July 20, 2020. (See Request to be Transferred to Home Confinement or Compassionate Release Due to COVID-19 Concerns (ECF No. 51). But he submitted his request to the BOP warden only two days before filing his motion with this court. (See Def.'s Mot.; Def.'s Request for Transfer to Home Confinement or Compassionate Release due to COVID-19 Concerns, submitted to FCI Sheridan Warden Salazar on July 18, 2020, attached as Ex. A. to Def.'s Mot., ECF No. 51-1.) Because he did not wait the full amount of time (30 days) before filing his motion, he has not satisfied the exhaustion requirement, which is a prerequisite to this court's consideration of his request. Accordingly, the court denies his motion without prejudice. If, upon receipt of this order, Mr. Bell can show that his current circumstances fit the statute's exhaustion criteria, he may file another motion.

SO ORDERED this 28th day of August, 2020.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge